**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4123**

---

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

     v.

DESTINY MOORE,

         Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:19-cr-00267-3)

---

Submitted: July 25, 2024                          Decided: July 30, 2024

---

Before GREGORY, HARRIS, and QUATTLEBAUM, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Shawn A. Morgan, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellant. Francesca C. Rollo, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Destiny Moore appeals her 12-month revocation sentence. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Moore's sentence is plainly unreasonable. Moore was advised of her right to file a pro se supplemental brief, but she has not done so. The Government has declined to file a brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). To determine "whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable," applying the same general considerations used in evaluating original sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), and

2

the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *Patterson*, 957 F.3d at 436-37 (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

We conclude that Moore's 12-month revocation sentence is both procedurally and substantively reasonable. The district court accurately calculated Moore's policy statement range, gave the parties an opportunity to argue for an appropriate sentence, listened to Moore's allocution, considered the relevant sentencing factors, and adequately explained its chosen sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3